COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-147-CR

ALISHA JUAN BETTIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Alisha Juan Bettis entered an open plea of guilty to the offense of theft of property in an amount less than $1,500; the trial court conducted a punishment hearing and sentenced her to one years’ confinement in a state jail facility.
  
In her sole point on appeal, Bettis contends that the trial court abused its discretion during the punishment hearing by considering and questioning her about an affidavit of indigence that she completed while in police custody in order to obtain court-appointed counsel.  Specifically, Bettis contends that the written questions posed in the indigence form constituted an in-custody interrogation conducted in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article 38.22 of the Texas Code of Criminal Procedure.  

But, during the punishment hearing, Bettis did not object to the trial court’s consideration of the affidavit of indigence or the questions posed to her regarding the affidavit.  Nor did Bettis file any type of motion seeking to suppress the answers she provided in the affidavit.  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999); 
see also 
generally
 
Davis v. State
, Nos. 02-05-00094-CR, 02-05-00106-CR, 2006 WL 413148, at *1-2 (Tex. App.—Fort Worth Feb. 23, 2006, no pet.) (mem. op.) (not designated for publication).  Because Bettis, who was represented by counsel, did not object to the trial court’s consideration of the affidavit of indigence or to the trial court’s questions in regard to the affidavit, the present allegations that the affidavit and the trial court’s consideration of it violated her Fifth and Fourteenth Amendment rights and 
Article 38.22 of the Texas Code of Criminal Procedure are not properly before us.  
See Davis
, 2006 WL 413148, at *2;
 Esparza v. State
, No. 11-00-00175-CR, 2001 WL 34373316, at *1 (Tex. App.—Eastland June 7, 2001, no pet.) (not designated for publication).

Additionally, the State alternatively asserts in its brief—and we agree—that the type of information sought from Bettis in the affidavit of indigence did not constitute a custodial interrogation.  
See Rhode Island v. Innis
, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689 (1980) (defining interrogation as words or conduct by the police that they should know are reasonably likely to elicit an incriminating response).  Police questioning to obtain basic identifying, biographical data necessary to complete booking or pretrial services is not generally considered “custodial interrogation” that will trigger 
Miranda
.  
See, e.g., United States v. Gotchis
, 803 F.2d 74, 79 (2d Cir. 1986).

We overrule Bettis’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 8, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.